**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

**1. Debtor's Name** **Riverbed Technology, Inc.**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) **03-0448754**

**4. Debtor's address**

**Principal place of business**

**680 Folsom Street**
Number Street

**San Francisco** **CA** **94107**
City State Zip Code

County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State Zip Code

**Location of principal assets, if different from principal place of business**

Number Street

City State Zip Code

**5. Debtor's website** (URL) **https://www.riverbed.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

Debtor **Riverbed Technology, Inc.** Case number *(if known)*
Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5415 (Computer Systems Design and Related Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

District ______ When MM/DD/YYYY Case number ______

District ______ When MM/DD/YYYY Case number ______

Debtor **Riverbed Technology, Inc.** Case number (*if known*)
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**
District **Delaware** When **11/16/2021**
MM / DD / YYYY
Case number, if known

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number Street

City State Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency
Contact name
Phone

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor **Riverbed Technology, Inc.** Case number *(if known)*
Name

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **11/16/2021**
MM/ DD / YYYY

✘ **/s/ *Dan Smoot*** — Signature of authorized representative of debtor
**Dan Smoot** — Printed name

Title **President and Chief Executive Officer**

**18. Signature of attorney**

✘ **/s/ *Laura Davis Jones*** — Signature of attorney for debtor
Date **11/16/2021** MM/DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor**
Number Street

**Wilmington** — City
**Delaware** — State
**19801** — ZIP Code

**(302) 652-4100** — Contact phone
**ljones@pszjlaw.com** — Email address

**2436** — Bar number
**Delaware** — State

| **Fill in this information to identify the case:** | |
|---|---|
| United States Bankruptcy Court for the: District of Delaware (State) | |
| Case number *(if known)*: ________ | Chapter 11 |

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Riverbed Technology, Inc.

- Riverbed Technology, Inc.
- Riverbed Parent, Inc.
- Riverbed Holdings, Inc.
- Aternity LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERBED TECHNOLOGY, INC., | ) | Case No. 21-__________(___) |
| Debtor. | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Riverbed Holdings, Inc. | 600 Montgomery Street<br>32nd Floor<br>San Francisco, CA 94111 | 100% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERBED TECHNOLOGY, INC., | ) | Case No. 21-___________(___) |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Riverbed Holdings, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERBED TECHNOLOGY, INC., | ) | Case No. 21-___________(___) |
| Debtor. | ) | |

**CERTIFICATION OF CREDITOR MATRIX**

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the creditor matrix submitted herewith (the "Creditor Matrix") contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the Creditor Matrix is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Creditor Matrix have been completed. Therefore, the listing does not, and should not be deemed to, constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675); and Riverbed Parent, Inc. (2610). The location of the debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

**Fill in this information to identify the case:**

Debtor name: RIVERBED TECHNOLOGY, INC., et al.[1]

United States Bankruptcy Court for the District of Delaware (State)

Case number (*If known*): ____________________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US Bank National Association (Corporate Trust Services) - 333 Commerce Street, Suite 800, Nashville, TN 37201 | Lori Barber, Lori.Barber@Usbank.Com | Unsecured Notes | | 0 | 0 | $9,633,892.97 |
| 2 | Jabil Circuit Hungary Ltd - Tiszaújváros, Huszár Andor út 1, 3580, Hungary | Gergo Gyorkei, 36 30 660-9784, Gergo_Gyorkei@Jabil.Com | Trade | | 0 | 0 | $2,497,517.30 |
| 3 | Tibco Software, Inc - 3303 Hillview Ave, Palo Alto, CA 94304 | Alejandro Lopez, 408-761-5624 | Trade | | 0 | 0 | $486,585.00 |
| 4 | Amazon Web Services - P.O. Box 84023, Seattle, WA 98124-8423 | Katie Herritage, 703-464-6386, Herritag@Amazon.Com | Trade | | 0 | 0 | $477,687.56 |
| 5 | Microsoft Corporation - P.O. Box 847255, Dallas, TX 75284-7255 | Mscredit@Microsoft.Com | Trade | | 0 | 0 | $419,211.88 |
| 6 | UPS Supply Chain Solutions, Inc. - 28013 Network Place, Chicago, IL 60673-1280 | Bernard Duchene, 971 4-2820678, Bduchene@Ups.Com | Trade | | 0 | 0 | $306,185.58 |
| 7 | Digital Realty Trust - P.O. Box 419729, Boston, MA 02241-9729 | 415-275-5445, Ar@Digitalrealty.Com | Trade | | 0 | 0 | $295,000.00 |

1 The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675) and; Riverbed Parent, Inc. (2610). The location of the debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Auctioniq, LLC - 6955 Union Park Center, Suite 200, Cotton Heights, UT 84047 | Ashli Buxton, 801-727-4005, Accountsreceivable@Auctioniq.Com | Trade | | 0 | 0 | $268,323.96 |
| 9 | International Business Machine - P.O. Box 676673, Dallas, TX 75267-6673 | Ibm Partnerworld, 877-426-6006, Mpreston@Us.Ibm.Com | Trade | | 0 | 0 | $264,202.47 |
| 10 | Jabil Circuit, Inc. - 5238 Lamar Ave, Memphis, TN 38118 | Mario Ornelas, 901-202-6724, Mario_Ornelas@Jabil.Com | Trade | | 0 | 0 | $245,901.29 |
| 11 | IT Convergence, Inc. - P.O. Box 56346, Atlanta, GA 30343 | Adam Schroeder, 415-962-8627, Aschroeder@Itconvergence.Com | Trade | | 0 | 0 | $233,988.00 |
| 12 | Tyan Computer Corp. - 39660 Eureka Dr, Newark, CA 94560 | Maggie Lai, 510-651-8868 X-5165 | Trade | | 0 | 0 | $231,858.71 |
| 13 | Wipro Limited - Survey Nos. 76-P & 80-P, Doddakannelli, Varur Hobi, Sarjapur Rd, Bangalore, 560 035, India | Narendranath Nair, 99 72049200, Edebtors-Usa@Wipro.Com | Trade | | 0 | 0 | $202,355.84 |
| 14 | Icims, Inc. - 29348 Network Place, Chicago, IL 60673-1294 | Nicole Stewart, 732-847-8179, Accounting@Icims.Com | Trade | | 0 | 0 | $202,213.43 |
| 15 | Corsec Security, Inc. - 13921 Park Center Rd, Suite 460, Herndon, VA 20171 | Joshua Anzaroot, 703-267-6050, Janzaroot@Corsec.Com | Trade | | 0 | 0 | $199,250.00 |
| 16 | Jade Global, Inc. - 1731 Technology Dr, Suite 350, San Jose, CA 95110 | Ashish Rastogi, 303-638-5047, Ashish.Rastogi@Jadeglobal.Com | Trade | | 0 | 0 | $187,150.00 |
| 17 | Versa Networks, Inc. - 6001 America Center Dr, Suite 400, San Jose, CA 95002 | Swati Shah, 408-385-7660, Sshah@Versa-Networks.Com | Trade | | 0 | 0 | $179,723.25 |
| 18 | Marketo, Inc. - Dept. 2068, P.O. Box 122068, Dallas, TX 75312-2068 | Graeme Truschel, 206-731-7060, Truschel@Adobe.Com | Trade | | 0 | 0 | $169,793.00 |
| 19 | Cokeva, Inc. - 9000 Foothills Blvd, Suite 150, Roseville, CA 95747 | Steve Tichy, 916-543-7615, Steve.Tichy@Cokeva.Com | Trade | | 0 | 0 | $141,964.90 |
| 20 | Network Control - 215 20th St, NW, P.O. Box 193, Waverly, IA 50677 | Mark Hearn, 925-478-8696, Markh@Network-Control.Net | Trade | | 0 | 0 | $136,120.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Unisys Limited - Building 6 Chiswick Park, 556 Chiswick High Road, London, W4 5HR, United Kingdom | Anthony Stuart, 44 207 365-2209, Anthony.Stuart@Unisys.Com | Trade | | 0 | 0 | $100,728.25 |
| 22 | Taos Mountain, LLC - Dept La 24843, Attn: Accounts Receivable, Pasadena, CA 91185-4843 | Brenna O'Brien, 408-588-1200, Bobrien@Taos.Com | Trade | | 0 | 0 | $82,285.12 |
| 23 | Slashsupport, Inc. dba Css Corp Pvt Ltd - 1900 Mccarthy Blvd., Suite 210, Milpitas, CA 95035 | Vinayaka Kumar, 91-998 631-1247, Accounts.Receivable@Csscorp.Com | Trade | | 0 | 0 | $76,150.00 |
| 24 | PulseLearning Limited - Kerry Technology Park, Tralee, County Kerry, V92 C859, Ireland | Elaine Stack, 353 66 7144600, Accountsreceivable@Pulselearning.Com | Trade | | 0 | 0 | $72,900.00 |
| 25 | Silicom Connectivity Solutions, Inc. - 6 Forest Avenue, Paramus, NJ 7652 | Ericille Uy, 201-843-1175, Ericille@Silicom.Co.Il | Trade | | 0 | 0 | $51,029.00 |
| 26 | Shi International Corp. - P.O. Box 952121, Dallas, TX 75395-2121 | Mike Miller, 512-814-4936, Mike_Miller@Shi.Com | Trade | | 0 | 0 | $49,935.22 |
| 28 | Spry Squared, Inc. - 6 Inverness Ct East, Suite 240, Englewood, CO 80112 | Steve Spry, 720-724-7730, Steve@Sprysquared.Com | Trade | | 0 | 0 | $45,470.00 |
| 29 | Direct IT Pty Ltd - L1, 55 Mountain Street, Ultimo NSW 2007, Australia | David Jennings, 431134176, David.Jennings@Directit.Com.Au | Trade | | 0 | 0 | $44,119.38 |
| 30 | LinkedIn Corporation - 1000 W Maude Ave, Sunnyvale, CA 94085 | Ar-Receipts@Linkedin.Com | Trade | | 0 | 0 | $43,349.02 |

# RESOLUTIONS ADOPTED AT MEETINGS OF BOARDS OF DIRECTORS ON NOVEMBER 5, 2021

**Dated as of November 16, 2021**

After due deliberation, the board of directors (the "Board") of each of the companies listed on **Schedule 1** attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions (the "Resolutions") pursuant to the certificate of incorporation and bylaws or similar governing documents of each Company, as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

## RESOLUTIONS

---

### Chapter 11 Filing

WHEREAS, the Board has reviewed and considered the following:

(1) the presentations by the Companies' management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies, the strategic alternatives available to them, and the impact of the foregoing on each Company's businesses;

(2) the restructuring support agreement, dated as of October 13, 2021, which the Board had previously reviewed and approved (the "Restructuring Support Agreement," and the transactions contemplated thereby, collectively, the "Restructuring Transactions");

(3) the information and advice previously provided to and reviewed by the Board; and

(4) the related matters reported on at meetings of the Board on and before the date hereof; and

WHEREAS, the Restructuring Support Agreement provides that the Restructuring Transactions are to be implemented either (1) through a voluntary out-of-court exchange (the "Out-of-Court Exchange"), subject to certain consent thresholds and certain other conditions being met, or otherwise, (2) through the Companies' filing of voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and pursuing confirmation and consummation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates* (as amended, supplemented, or modified from time to time, and including all supplements and exhibits thereto, the "Plan");

WHEREAS, the Board has had the opportunity to consult with the Companies' management and the legal and financial advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

WHEREAS, the Board has determined, in its business judgment, that it is desirable and in the best interests of each Company and its respective stakeholders for the Companies to implement the Restructuring Transactions by (1) filing, or causing the filing of, voluntary

petitions under chapter 11 of the Bankruptcy Code and consummating the Plan, and (2) filing, or causing the filing of, any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and that such implementation will maximize the value of each Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Board, it is desirable and in the best interests of each Company and its respective stakeholders for each Company to implement the Restructuring Transactions by (1) filing, or causing the filing of, a voluntary case under chapter 11 of the Bankruptcy Code (a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and consummating the Plan; and (2) filing, or causing the filing of, any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that each of the following is hereby authorized and approved in all respects: (1) each Company's filing, or causing to be filed, a Chapter 11 Case under the Bankruptcy Code in the Bankruptcy Court; (2) each Company's pursuing confirmation and consummation of the Plan and completing the same; and (3) each Company's filing, or causing to be filed, any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED FURTHER, that the Chief Executive Officer, the Chief Financial Officer, the Chief Operating Officer, any Vice President, or any other duly appointed officer of the Companies as deemed necessary and appropriate (collectively, the "Authorized Signatories"), with power of delegation, is hereby authorized to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP ("Pachulski") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each

Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Pachulski;

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm AlixPartners, LLC ("AlixPartners") as restructuring advisor to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners;

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firms GLC Advisors & Co., LLC and GLCA Securities, LLC (together, "GLC") as financial advisor and investment banker to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of GLC;

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a/ Stretto ("Stretto") as notice and claims agent to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto;

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm of Ernst & Young LLP ("Ernst & Young") as tax services provider to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young;

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause

to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

WHEREAS, reference is made to that certain First Lien Note Purchase Agreement, dated October 13, 2021, by and among Riverbed Technology, Inc., Riverbed Holdings, Inc., the subsidiary guarantors party thereto, the purchasers of the notes thereunder, and the Wilmington Trust, National Association, in its capacity as administrative agent and United States collateral agent, and Cortland Capital Markets Services, LLC, in its capacity as Singapore collateral agent, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "Bridge Notes Purchase Agreement");

WHEREAS, reference is made to that certain Credit Agreement, dated as of April 24, 2015, by and among Riverbed Holdings, Inc., as holdings, Riverbed Technology, Inc., as borrower, the First Lien Agent, the subsidiary guarantors, and each of the lenders party thereto, as amended by that certain First Amendment, dated as of May 27, 2016, that certain Second Amendment, dated as of September 16, 2016, that certain Third Amendment, dated as of December 22, 2016, that certain Fourth Amendment, dated as of December 31, 2020, that certain Fifth Amendment, dated as of October 13, 2021, and as further amended, amended and restated, supplemented, or otherwise modified from time to time (the "First Lien Credit Agreement"); and

WHEREAS, reference is made to that certain Credit Agreement, dated as of December 31, 2020, by and among Riverbed Holdings, as holdings, Riverbed Technology, as borrower, Alter Domus (US) LLC, in its capacity as administrative agent and collateral agent, the guarantors party thereto, and each of the lenders party thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "Second Lien Credit Agreement" and together with the Bridge Notes Purchase Agreement and the First Lien Credit Agreement, the "Prepetition Financing Documents").

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Board, each Company will benefit from using collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), that is security for the holders of Company obligations under the following (such holders, the "Secured Parties"): (1) the Bridge Notes Purchase Agreement and the notes issued thereunder; (2) the First Lien Credit Agreement and the loans issued thereunder; and (3) the Second Lien Credit Agreement and the loan issued thereunder;

RESOLVED, that for each Company to use and benefit from using the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company that is an obligor under the Prepetition Financing Documents will provide certain liens, claims, and other entitlements to the Secured Parties (collectively, the "Adequate Protection Obligations"), as documented in proposed orders (the "Cash Collateral Orders") to be submitted to the Bankruptcy Court for approval;

RESOLVED, that the form, terms, and provisions of the Cash Collateral Orders to which each Company shall be subject, and the actions and transactions contemplated thereby, are authorized and approved in all respects; and each Authorized Signatory is authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Orders; and

RESOLVED, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure claims that constitute Adequate Protection Obligations.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) are hereby individually authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Board.

* * *

**Schedule 1**

**RIVERBED PARENT, INC.**
**RIVERBED HOLDINGS, INC.**
**RIVERBED TECHNOLOGY, INC.**

# **SECRETARY'S CERTIFICATE**

November 16, 2021

The undersigned, Rebecca Hazard, as the secretary of Riverbed Parent, Inc., Riverbed Holdings, Inc., and Riverbed Technology, Inc. (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1. I am the duly qualified and appointed secretary of the each Company and, as such, I am familiar with the facts herein certified and duly authorized to certify the same on behalf of each Company.

2. The foregoing resolutions of each Company's board of directors (collectively, the "Board") were duly adopted at properly convened Board meetings on November 5, 2021, in accordance with the certificate of incorporation and bylaws or similar governing documents of each Company, as applicable, and the applicable laws of the jurisdiction in which each Company is organized.

3. Since their adoption, the foregoing resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof. The foregoing resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, I have duly executed this certificate on behalf of each Company as of the date hereof.

Riverbed Parent, Inc.
Riverbed Holdings, Inc.
Riverbed Technology, Inc.

By:/s/ *Rebecca Hazard*
Name: Rebecca Hazard
Title: Secretary

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Riverbed Technology, Inc.** |
| United States Bankruptcy Court for the: | **District of Delaware** (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **11/16/2021**
MM/ DD/YYYY

☒ ***/s/ Dan Smoot***
Signature of individual signing on behalf of debtor

**Dan Smoot**
Printed name

**President and Chief Executive Officer**
Position or relationship to debtor