**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERBED TECHNOLOGY, INC., | ) | Case No. 21-11503 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 03-0448754 | ) | |
| In re: | ) | Chapter 11 |
| ATERNITY LLC, | ) | Case No. 21-11504 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 03-0448754 | ) | |
| In re: | ) | Chapter 11 |
| RIVERBED HOLDINGS, INC., | ) | Case No. 21-11505 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 47-2546675 | ) | |
| In re: | ) | Chapter 11 |
| RIVERBED PARENT, INC., | ) | Case No. 21-11506 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 47-3202610 | ) | **Re: Docket No. 4** |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order") directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 21-11503 (CTG).

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIVERBED TECHNOLOGY, INC., *et al.*,[1] | ) | Case No. 21-11503 (CTG) |
| Debtors. | ) | (Jointly Administered) |

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675); and Riverbed Parent, Inc. (2610). The location of the debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Riverbed Technology, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: Riverbed Technology, Inc., Case No. 21-11503 (CTG); Aternity LLC, Case No. 21-11504 (CTG); Riverbed Holdings, Inc., Case No. 21-11505 (CTG); and Riverbed Parent, Inc., Case No. 21-11506 (CTG). The docket in Case No. 21-11503 should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this

Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and Local Rules.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 18th, 2021**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**