## Exhibit C

**Jones Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED TECHNOLOGY, INC., *et al.*,[1] | ) | Case No. 21-11503 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF LAURA DAVIS JONES
IN SUPPORT OF DEBTORS' APPLICATION PURSUANT
TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

I, LAURA DAVIS JONES, ESQUIRE, declare under penalty of perjury as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or

the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and

have been duly admitted to practice law in the State of Delaware, the United States District Court

for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the

United States Supreme Court.   This Declaration is submitted in support of the *Debtors'*

*Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules*

*of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ and Retain*

*Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession*

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675); and Riverbed Parent, Inc. (2610).  The location of the debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

*Effective as of the Petition Date* (the "<u>Application</u>"), which is being submitted concurrently herewith.[2]

2.    Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.    The Debtors have and will retain various professionals during the pendency of these cases, including Kirkland & Ellis LLP ("<u>K&E</u>").  The Debtors may retain other professionals after the date hereof.  PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.    PSZ&J represents many committees whose members may be creditors in the Debtors' chapter 11 cases.  However, PSZ&J is not representing any of those entities in these cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors.

5.    PSZ&J is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that PSZ&J, its partners, of counsel, and associates:

  a.    are not creditors, equity security holders, or insiders of the Debtors;

  b.    are not and were not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

---

[2]    Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

      c.      do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.      To the best of my knowledge, neither I, nor any partner or associate of PSZJ, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7.      PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $125,000.00 in connection with the preparation of initial documents and the prepetition representation of the Debtors.  PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation as of the Petition Date.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8.      Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtors, the estates, the professionals, and the Office of the Trustee.  The Firm, therefore, discloses its known connections herein:

      a.      The Firm represents an entity on a presently confidential basis that the Firm understands on information and belief is a secured creditor of the Debtors.  The representation is in a wholly unrelated matter.  The representation represents total incurred fees and expenses of less than $50,000.  The Firm will not represent the creditor in these cases.

9.    PSZ&J and certain of its partners, of counsel, and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtors in connection with matters unrelated to the Debtors and these Cases.  At this time, PSZ&J is not aware of any other adverse interest or other connection with the Debtors, their creditors, the U.S. Trustee, or any party-in-interest herein in the matters upon which PSZ&J is to be retained, except as otherwise disclosed herein.  PSZ&J, however, will be in a better position to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

10.    PSZ&J intends to apply for compensation for professional services rendered in connection with these Cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Partners | $875.00 to $1,695.00 |
| b. | Of Counsel | $695.00 to $1,275.00 |
| c. | Associates | $695.00 to $750.00 |
| d. | Paraprofessionals | $425.00 to $460.00 |

11.    Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described herein.

12.    The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment.  These rates are set at a level designed to fairly

compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in compliance with this Court's rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

13.    Pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* (the "2013 UST Guidelines"), the Firm makes certain disclosures herein.

14.    Pursuant to Part D1 of the 2013 UST Guidelines, PSZ&J is seeking employment as co-counsel for the Debtors under section 327 of the Bankruptcy Code and it hereby provides the following responses set forth below:

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | PSZ&J represented the client during the 12 month period prepetition.<br><br>The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based subject to economic adjustment.<br><br>The billing rates and material financial terms for the postpetition period remain the same as the prepetition period subject to an annual economic adjustment. The standard hourly rates of PSZ&J are subject to periodic adjustment in accordance with the Firm's practice. | None. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtors and PSZ&J expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of these large chapter 11 cases, there may be unforeseeable fees and expenses that will need to be | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

| | addressed by the Debtors and PSZ&J. | |
|---|---|---|

15.     Pursuant to Part F of the 2013 UST Guidelines, PSZ&J is proposed to serve as co-counsel for the Debtors with K&E as primary counsel.  K&E shall have primary responsibility for the services disclosed in its retention application filed with the Court, except as may be noted herein.  To disclose the division of labor and to avoid unnecessary duplication of services, PSZ&J is proposed to provide the following professional services for its engagement:

a.     providing legal advice regarding local rules, practices, and procedures;

b.     reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

c.     filing documents as requested by K&E and coordinating with the Debtors' claims agent for service of documents;

d.     preparing agenda letters, certificates of no objection, certifications of counsel, and notices of fee applications and hearings;

e.     preparing hearing binders of documents and pleadings, printing of documents and pleadings for hearings;

f.     appearing in Court and at any meeting of creditors on behalf of the Debtors in its capacity as Delaware counsel with K&E;

g.     monitoring the docket for filings and coordinating with K&E on pending matters that need responses;

h.     preparing and maintaining critical dates memorandum to monitor pending applications, motions, hearing dates, and other matters and the deadlines associated with same;

i.     distributing critical dates memorandum with K&E for review and any necessary coordination for pending matters;

j.     handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these Cases, and, to the extent required, coordinating with K&E on any necessary responses; and

k.     providing additional administrative support to K&E, as requested.

16.    To the extent that PSZ&J is assigned by the Debtors, in consultation with K&E, to perform new matters as requested by the Debtors that may be necessary and proper in these proceedings and that are materially different from the above-described services, PSZ&J will file a supplemental declaration in accordance with Bankruptcy Rule 2014, as required by Part F.1.c of the 2013 UST Guidelines.

17.    No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Cases, except among the partners, of counsel, and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 22, 2021                                       */s/ Laura Davis Jones*
                                                                 Laura Davis Jones