## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED TECHNOLOGY, INC., *et al.*,[1] | ) | Case No. 21-11503 (CTG) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF
A FINAL DECREE CLOSING THE CHAPTER 11 CASES PURSUANT TO
SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date[2] of the Plan, the "Debtors") respectfully state as follows in support of this motion:

### Relief Requested

1. By this motion, the Reorganized Debtors seek entry of a final decree (the "Final Decree") closing the Reorganized Debtors' chapter 11 cases.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Reorganized Debtors confirm their consent, pursuant to rule 9013-1(f) of

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each reorganized debtor's federal tax identification number, are: Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675); and Riverbed Parent, Inc. (2610). The location of the reorganized debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates* [Docket No. 144] (as amended, supplemented, or otherwise modified from time to time, the "Plan").

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3022-1.

## Background

5. On November 16, 2021 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. During the pendency of their chapter 11 cases, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party requested the appointment of a trustee or examiner and no official committees were appointed in these chapter 11 cases.

6. On November 18, 2021, the Court entered an order granting procedural consolidation and joint administration of the following cases under *In re Riverbed Technology, Inc.* [Docket No. 79]:

| Debtor | Case No. |
|---|---|
| Riverbed Technology, Inc. | 21-11503 (CTG) |
| Aternity LLC | 21-11504 (CTG) |
| Riverbed Holdings, Inc. | 21-11505 (CTG) |
| Riverbed Parent, Inc. | 21-11506 (CTG) |

7. On December 4, 2021, the Court entered the *Order (I) Approving the Disclosure Statement for, and Confirming, the Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates, and (II) Granting Related Relief* [Docket No. 169] (the "Confirmation Order").

8. The Plan became effective on December 7, 2021 (the "Effective Date"). *See Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement For, and Confirming, the Debtors' Amended Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 173].

9. As of the date hereof, the Reorganized Debtors have resolved or Reinstated all outstanding prepetition claims and made all applicable distributions on account of such claims in a manner consistent with the Plan. The services of Stretto, Inc. ("Stretto") will terminate upon Stretto completing the services set forth in the Final Decree. All matters related to professional fees have been resolved and no administrative claims have been filed. Moreover, pursuant to Article III.B of the Plan, the Reorganized Debtors will continue to resolve any outstanding claims in the ordinary course of their businesses. Accordingly, there are no remaining matters to be addressed in these chapter 11 cases. Leaving these chapter 11 cases open past the date hereof would impose significant and unnecessary costs on the Debtors' estates. Accordingly, the Reorganized Debtors request entry of the Final Decree.

**Basis for Relief**

10. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 3022-1(a)

provides "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

11. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "<u>Advisory Committee Note</u>"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a. whether the order confirming the plan has become final;

    b. whether deposits required by the plan have been distributed;

    c. whether the property proposed by the plan to be transferred has been transferred;

    d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e. whether payouts under the plan have commenced; and

    f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note.

12. All of these factors need not be present before a court will enter a final decree. *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree."). Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh

the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same).

13. The foregoing factors weigh strongly in favor of finding that these chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree. In particular:

   a. the Confirmation Order has become final and is non-appealable;

   b. substantially all distributions provided for under the Plan for classified claims have been made and any remaining distributions will be made in the ordinary course of the Reorganized Debtors' businesses;

   c. all material transactions contemplated by the Plan have been completed and the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code;

   d. the Reorganized Debtors have assumed the business and management of the assets of the Debtors as reorganized entities;

   e. the Reorganized Debtors have emerged from chapter 11; and

   f. parties in interest are not unfairly prejudiced as these chapter 11 cases may be reopened, if necessary.

14. As of the date hereof, the Reorganized Debtors are not aware of any motions, contested matters, or adversary proceedings related to the Reorganized Debtors that are pending or have not otherwise been finally resolved.

15. Section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the Office of the U.S. Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Such fees are a financial burden on the Reorganized Debtors and approval of this motion would result in the Reorganized Debtors saving approximately $400,000 per quarter. The Reorganized Debtors will make any final payments due to the Office of the U.S. Trustee and

the Clerk of the Court in connection with this motion. Based on the foregoing, ample justification exists for entry of the Final Decree closing these chapter 11 cases.

## The Closing Report

16. In accordance with the requirements of Local Rule 3022-1(c), attached hereto as **Exhibit B**, is a copy of the closing report, which includes a summary of the fees and expenses awarded to the professionals retained by the Reorganized Debtors during these chapter 11 cases, as well as additional information regarding distributions made pursuant to the Plan.

## Reservation of Rights

17. The Reorganized Debtors reserve their right to seek to reopen these chapter 11 cases.

## Notice

18. The Reorganized Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Reorganized Debtors (on a consolidated basis); (c) the Ad Hoc Group and the Ad Hoc 1L Subgroup; (d) the agents under each of the Reorganized Debtors' prepetition secured credit facilities; (e) the indenture trustee under the Unsecured Notes Indenture; (f) the office of the attorney general for each of the states in which the Reorganized Debtors operate; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Final Decree granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: March 15, 2022<br>Wilmington, Delaware | */s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br><br>-and-<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>chris.koenig@kirkland.com<br><br>-and-<br><br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: christine.okike@kirkland.com<br><br>*Co-Counsel for the Reorganized Debtors* |