# Exhibit A

**Proposed Final Decree**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED TECHNOLOGY, INC., | ) | Case No. 21-11503 (CTG) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| Tax I.D. No. 03-0448754 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ATERNITY LLC, | ) | Case No. 21-11504 (CTG) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| Tax I.D. No. 03-0448754 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED HOLDINGS, INC., | ) | Case No. 21-11505 (CTG) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-2546675 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED PARENT, INC., | ) | Case No. 21-11506 (CTG) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3202610 | ) | |
| | ) | |

**FINAL DECREE CLOSING THE REORGANIZED DEBTORS'
CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the effective date of their chapter 11 plan, the "Debtors") for entry of a final decree (this "Final Decree") closing the chapter 11 cases of the Reorganized Debtors pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Final Decree.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtors' chapter 11 cases identified on **Exhibit 1** hereto

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

are hereby closed; *provided, however*, that this Court shall retain such jurisdiction as is provided in Article XII of the Plan, which provides for the retention of this Court's exclusive jurisdiction over all matters arising out of, or related to, these chapter 11 cases and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown. For the avoidance of doubt, this Final Decree shall not modify the Reorganized Debtors' remaining obligations under the Restructuring Support Agreement, the Plan, or any order of the Court.

3. To the extent not already paid, the fees required to be paid to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, or otherwise, including, for the avoidance of doubt, fees for the period from January 1, 2022 through and including the date of entry of this Final Decree (the "Cash Disbursement Period"), shall be paid within thirty (30) days following entry of this Final Decree.

4. The services of Stretto, Inc. ("Stretto") are terminated effective upon Stretto completing the services set forth in this Order.

5. Stretto will prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c).

6. Pursuant to Local Bankruptcy Rule 2002-1(f)(ix), within 28 days of entry of this Final Decree, Stretto shall (a) forward to the Clerk's office an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket in the case of *In re Riverbed Technology, Inc.*, No. 21-11503 (CTG) a final claims register containing the claims of all of these jointly-administered chapter 11 cases. Stretto will box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

7. Stretto will collect and forward any mail regarding these chapter 11 cases after entry of this Final Decree as soon as reasonably practicable to the Reorganized Debtors; provided that the Reorganized Debtors shall provide Stretto with reasonable compensation and reimburse Stretto for its reasonable and documented expenses in connection with any such mail forwarding services provided by Stretto to the Reorganized Debtors after the date of entry of this Final Decree.

8. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

10. The Clerk of this Court shall enter this Final Decree individually on each of the dockets of the above-captioned chapter 11 cases and each of the dockets of these chapter 11 cases shall be marked as "Closed."

11. An entry shall be made on the docket of each of the Reorganized Debtors' cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 cases of: *In re Riverbed Technology, Inc.*, Case No. 21-11503 (CTG); *Aternity LLC*, Case No. 21-11504 (CTG); *Riverbed Holdings, Inc.*, Case No. 21-11505 (CTG); and *Riverbed Parent, Inc.*, Case No. 21-11506 (CTG).

12. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the closed cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed

against the Debtors in the chapter 11 cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors to file an objection to any claim in the chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Reorganized Debtor.

13. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action that may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors or any other parties in interest under the Bankruptcy Code or any other applicable law.

14. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Exhibit 1**

**Chapter 11 Cases to Be Closed**

## Chapter 11 Cases to Be Closed

| Debtor | Case No. |
| --- | --- |
| Riverbed Technology, Inc. | 21-11503 (CTG) |
| Aternity LLC | 21-11504 (CTG) |
| Riverbed Holdings, Inc. | 21-11505 (CTG) |
| Riverbed Parent, Inc. | 21-11506 (CTG) |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED TECHNOLOGY, INC., *et al.*,[1] | ) | Case No. 21-11503 (CTG) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## CLOSING REPORT IN CHAPTER 11 CASES

1. Pursuant to the December 4, 2021 *Order (I) Approving the Disclosure Statement for, and Confirming, the Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates, and (II) Granting Related Relief* [Docket No. 169] (the "Confirmation Order") confirming the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date[2] of the Plan, the "Debtors"), which Plan became effective on December 7, 2021, the undersigned representative of the Reorganized Debtors hereby declares that:

## PAYMENTS TO PROFESSIONALS

2. The following summarizes the payments[3] made by the Debtors or Reorganized Debtors, as applicable, to professionals for services rendered and fees and expenses incurred

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each reorganized debtor's federal tax identification number, are: Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675); and Riverbed Parent, Inc. (2610). The location of the reorganized debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates* [Docket No. 144] (as amended, supplemented, or otherwise modified from time to time, the "Plan").

[3] Includes fees and expenses of legal professionals retained by the Debtors and Reorganized Debtors pursuant to section 327 of the Bankruptcy Code.

during the period from the Petition Date (November 16, 2021) through the Confirmation Date (December 4, 2021):[4]

| PROFESSIONAL | FEES | EXPENSES |
|---|---|---|
| **Pachulski Stang Ziehl & Jones LLP** (Counsel to the Debtors) | $95,402.00 | $9,527.02 |
| **Stretto, Inc.** (Administrative Advisor to the Debtor) | $870.60 | $0.00 |
| **Ernst & Young LLP** (Tax Services Provider to the Debtors) | $7,728.00 | $0.00 |
| **GLC Advisors & Co., LLC and GLCA Securities, LLC** (Investment Banker to the Debtors) | $10,320,448.10 | $4,263.06 |
| **Kirkland & Ellis LLP** (Counsel to the Debtors) | $1,390,219.00 | $6,795.10 |
| **AlixPartners, LLP** (Financial Advisor to the Debtors) | $438,911.50 | $0.00 |
| **TOTALS:** | **$12,253,579.20** | **$20,585.18** |

3. No trustee or examiner was appointed in these chapter 11 cases. Accordingly, no fees were incurred for a trustee or trustee's counsel.

4. On or before twenty-eight (28) days after entry of a Final Decree pursuant to Bankruptcy Rule 3022, the Reorganized Debtors will pay any and all fees remaining due and payable pursuant to 28 U.S.C. § 1930(a)(6).

**DISTRIBUTIONS TO CREDITORS UNDER THE PLAN**

5. All distributions required by the Plan to date have been made.

6. There are no pending adversary proceedings or contested matters in the chapter 11 cases

---

[4] The fee applications for professionals retained by the Debtors and Reorganized Debtors in these chapter 11 cases were filed with respect to fees and expenses accrued from the Petition Date through the Confirmation Date. Fees and expenses accrued from the Confirmation Date through the Effective Date were paid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

March 15, 2022

/s/ Eric Mersch
Eric Mersch
Interim Chief Financial Officer
Riverbed Technology, Inc.