## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERBED TECHNOLOGY, INC., *et al.*,[1] | ) | Case No. 21-11503 (CTG) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 249** |

### REORGANIZED DEBTORS' MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE EXPEDITED HEARING ON REORGANIZED DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE CLOSING THE CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date[2] of the Plan, the "Debtors") file this motion for entry of an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening the notice period and scheduling an expedited hearing on the *Reorganized Debtors' Motion for Entry of a Final Decree Closing the Chapter 11 Cases Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022* (the "Motion"), which is being filed concurrently herewith, so that the United States Bankruptcy Court for the District of Delaware (the "Court") can consider the relief requested in the Motion at a hearing prior to the end of March 2022, in advance of the end of the current fiscal quarter. Counsel for the

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each reorganized debtor's federal tax identification number, are: Riverbed Technology, Inc. (8754); Aternity LLC (8754); Riverbed Holdings, Inc. (6675); and Riverbed Parent, Inc. (2610). The location of the reorganized debtors' service address in these chapter 11 cases is: 680 Folsom Street, San Francisco, CA 94107.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates* [Docket No. 144] (as amended, supplemented, or otherwise modified from time to time, the "Plan") or the Motion, as applicable.

Reorganized Debtors has conferred with the Office of the United State Trustee and the United States Trustee does not oppose the relief requested in this motion. In support of this motion, the Reorganized Debtors respectfully state as follows.

**Relief Requested**

1. By this motion, the Reorganized Debtors request, pursuant to section 105(a) of title 11 of the United States Code, U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e), that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period, and fixing the date and time, for an expedited hearing on the Motion on or before March 31, 2022 (the "Hearing"), with an objection deadline at 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (the "Objection Deadline").

**Jurisdiction and Venue**

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Reorganized Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

**General Background**

4. On November 16, 2021 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. During the pendency of their chapter 11 cases, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party requested the appointment of a trustee or examiner and no official committees were appointed in these chapter 11 cases.

5. On November 18, 2021, the Court entered an order granting procedural consolidation and joint administration of the following cases under *In re Riverbed Technology, Inc.* [Docket No. 79]:

| Debtor | Case No. |
|---|---|
| Riverbed Technology, Inc. | 21-11503 (CTG) |
| Aternity LLC | 21-11504 (CTG) |
| Riverbed Holdings, Inc. | 21-11505 (CTG) |
| Riverbed Parent, Inc. | 21-11506 (CTG) |

6. On December 4, 2021, the Court entered the *Order (I) Approving the Disclosure Statement for, and Confirming, the Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Riverbed Technology, Inc. and Its Debtor Affiliates, and (II) Granting Related Relief* [Docket No. 169].

7. The Plan became effective on December 7, 2021 (the "Effective Date"). *See Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement For, and Confirming, the Debtors' Amended Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 173].

8. As of the date hereof, the Reorganized Debtors have resolved or Reinstated all outstanding prepetition claims and made all applicable distributions on account of such claims in a manner consistent with the Plan. The services of Stretto, Inc. ("Stretto") will terminate upon Stretto completing the services set forth in the Final Decree. All matters related to professional fees have been resolved and no administrative claims have been filed. Moreover, pursuant to Article III.B of the Plan, the Reorganized Debtors will continue to resolve any outstanding claims in the ordinary course of their businesses. Accordingly, there are no remaining matters to be addressed in these chapter 11 cases. Leaving these chapter 11 cases open past March 31, 2022 would impose significant and unnecessary costs on the Debtors' estates. Therefore, the Reorganized Debtors request a Hearing on the Motion on an expedited basis to avoid incurring unnecessary costs associated with these chapter 11 cases that will accrue if such cases remain open beyond March 31, 2022.

## Closing these Chapter 11 Cases

9. Through the Motion, the Reorganized Debtors seek entry of a Final Decree closing these chapter 11 cases.

## Basis for Relief

10. Pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, shorten the otherwise applicable notice period for motion papers. Fed. R. Bankr. P. 9006(c)(1) ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). Similarly, Local Rule 9006-1(e) provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

11. The time has come to close these chapter 11 cases because there are no remaining matters to be resolved. In order to minimize accruing administrative costs and U.S. Trustee quarterly fees associated with remaining in chapter 11, the Reorganized Debtors are focused on closing their respective chapter 11 cases no later than March 31, 2022, which is the last day of the first quarter of 2022.

12. Given that the Effective Date has occurred, all prepetition claims and have been resolved or Reinstated, and there are no other administrative, claim or litigation matters to be addressed in chapter 11 by the Reorganized Debtors, there are no reasons for the Reorganized Debtors to continue in chapter 11. Further, as set forth in the Motion, the Reorganized Debtors have assumed the Debtors' liabilities and have sufficient reserves to address any issues after the entry of the Final Decree.

13. Although the Reorganized Debtors are seeking to shorten the time between the filing of the Motion and the Hearing, the request to close these chapter 11 cases should come as no surprise to any interested party given that there has been little activity in these chapter 11 cases since Effective Date. Additionally, while the Reorganized Debtors are seeking to shorten the notice time for the Hearing on the Motion, interested parties will still have enough time to respond to the Motion.

14. Accordingly, the Reorganized Debtors submit that it is appropriate under the circumstances to shorten the notice period to consider the relief requested in the Motion at the Hearing on or prior to March 31, 2022.

**Local Rule 9006-1(e)**

15.     Pursuant to Local Rule 9006-1(e), the Reorganized Debtors' counsel conferred with the U.S. Trustee regarding this motion and the U.S. Trustee does not oppose the relief requested herein.

**Notice**

16.     The Reorganized Debtors shall provide notice of this motion and the notice of the Hearing on the Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Reorganized Debtors (on a consolidated basis); (c) the Ad Hoc Group and the Ad Hoc 1L Subgroup; (d) the agents under each of the Reorganized Debtors' prepetition secured credit facilities; (e) the indenture trustee under the Unsecured Notes Indenture; (f) the office of the attorney general for each of the states in which the Reorganized Debtors operate; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: March 15, 2022<br>Wilmington, Delaware | */s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br><br>-and-<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>chris.koenig@kirkland.com<br><br>-and-<br><br>Christine A. Okike, P.C. (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: christine.okike@kirkland.com<br><br>*Co-Counsel for the Reorganized Debtors* |